IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ray Allen Waters, # 16329-171, | ) C/A No. 5:12-0855-JMC-KDW |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| United States, | ) |
| Respondent. | ) |

## *Background*

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2241, which Petitioner prepared while a federal inmate at FCI-Edgefield. Petitioner is now at the Bureau of Prisons' medical facility (FMC-Lexington) in Lexington, Kentucky.[1] Petitioner states that he is serving a sentence of 41 months for conspiracy to distribute Oxycontin and Roxicodone and a consecutive 60-month sentence for "use" of a firearm during a drug trafficking crime. On June 25, 2008, Petitioner entered his guilty plea in *United States v. Ray Allen Waters*, Criminal No. 6:08-CR-309-1, before then-United States District Judge Henry F. Floyd. Sentencing was entered on January 7, 2009. Petitioner has not filed a direct appeal or a Section 2255 action.

---

[1]Although Petitioner lists his place of confinement as FCI-Edgefield, the Bureau of Prisons website (www.BOP.gov, last visited on March 28, 2012) lists Petitioner as being confined at FMC-Lexington in Lexington, Kentucky. A Section 2241 action must be brought in the prisoner's district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). It cannot be determined from the pleadings whether Petitioner's placement at FMC-Lexington is a short-term stay for medical treatment preceding a return to FCI-Edgefield.

Petitioner filed a pro se motion to reduce sentence based on medical issues in his closed criminal case. Cr. No.6:08-CR-309-1, ECF No. 155 (filed Jan. 9, 2012). That motion is pending before the district court.

In the Section 2241 Petition that is the subject of this Report, Petitioner raises two grounds: (I) the government's application of 18 U.S.C. § 924 to Petitioner was improper and prejudiced Petitioner; and (II) a motion pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2255, is the proper vehicle for Petitioner to bring this claim for relief. Although not articulated or enumerated as a third ground, on the final page of the Petition and on the final page of his memorandum in support, Petitioner states that his convictions violated the Double Jeopardy Clause as they were imposed after the entry of a judgment of forfeiture. *See* ECF No. 1.

Petitioner contends that he is actually innocent of violating 18 U.S.C. § 924(c)(1)(A) and, hence, should not have been sentenced to the consecutive 60-month sentence on Count 3. Petitioner notes that he was convicted of possession with intent to distribute cocaine base, but not trafficking. Petitioner states that his gun was not used for anything but home protection. Petitioner relies on *Watson v. United States*, 552 U.S. 74, 83 (2007) ("Given ordinary meaning and the conventions of English, we hold that a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs."). Petitioner also points out that he was not charged with possession of a firearm under 18 U.S.C. § 924(c)(1)(A), which was enacted by Congress after the decision in *Bailey v. United States*, 516 U.S. 137 (1995).[2] *See Watson v. United*

---

[2]The docket sheet in Criminal No. 6:08-CR-309-1, however, refers to *possession* of a firearm: "18:924(c)(1)(A) possessed firearm in furtherance of a drug trafficking crime (March 18, 2008)(3)[.]" The Grand Jury Indictment for Count 3 reads as follows:

THE GRAND JURY FURTHER CHARGES:

(continued...)

2

*States*, 552 U.S. at 77–78 & n. 3. Petitioner also contends that he can proceed under 28 U.S.C. § 2241 under the rationale of *Short v. Schultz*, No. 7:08CV00057, 2008 WL 1984262 (W.D. Va. May 6, 2008), in which the district court allowed the litigant to proceed under 28 U.S.C. § 2241, but denied relief because the litigant had also been charged under the "possession prong" of 18 U.S.C. § 924(c). Petitioner also argues Section 2241 is the appropriate vehicle to bring his claims because a Section 2255 action, though not successive, would be untimely.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition (ECF No. 1) pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 and other habeas corpus statutes. The review[3] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.

---

(...continued)

>That on or about March 18, 2008, in the District of South Carolina, the Defendant, RAY ALLEN WATERS, knowingly used and carried a firearm during and in relation to, and did possess a firearm in furtherance of a drug trafficking crime which is prosecutable in a court of the United States;
>
>All in violation of Title 18, United States Code, Section 924(c)(1)(A).

ECF No. 2 in Criminal No. 6:08-CR-309-1, at 2.

[3]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1978). Petitioner is a pro se litigant, whose pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n.7 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even when considered under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The claims raised in the above-captioned case, however, are not proper § 2241 grounds. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has been resorted to only in limited situations—such as actions challenging the administration of parole, computation of good time or jail time credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence. *Barber v. Rivera*, C/A No. 4:11-2579-TMC-TER, 2011 WL 6982074, *2 (D.S.C. Dec. 13, 2011) (collecting cases), *adopted*, 2012 WL 80250 (D.S.C. Jan. 11, 2012).

A prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all, but must proceed under 28 U.S.C. § 2255. *Watson v. Rivera*, C/A No. 9:11-2957-MBS-BM, 2011 WL 6965811 (D.S.C. Dec. 1, 2011) (finding district court did not have jurisdiction over § 2241 petition that argued prior North Carolina state conviction no longer qualified as predicate offense under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*)), *adopted*, 2012 WL 45436 (D.S.C. Jan. 9, 2012). Because Petitioner is seeking relief from his consecutive federal sentence imposed in Criminal No. 6:08-CR-309-1, the relief requested by Petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *Dixon v. Rivera*, C/A No. 1:11-3468-TLW-SVH, 2012 WL 405702 (D.S.C. Jan 20,

2012), *adopted*, 2012 WL 405697 (D.S.C. Feb. 8, 2012) (overruling objections to Report and Recommendation).

Many federal prisoners, such as Petitioner, have erroneously attempted to overturn federal convictions or sentences by filing a Section 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257, 259–61 (4th Cir. 2002) (upholding summary dismissal of Section 2241 action filed in the District of South Carolina that challenged convictions and sentences entered in the United States District Court for the District of Puerto Rico). That a Section 2255 action may be untimely or successive does not render it an inadequate or ineffective remedy. *In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

For a § 2255 motion to be inadequate or ineffective to test the legality of a conviction, Petitioner must satisfy the test of *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000), which requires that (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. Petitioner cannot satisfy the second prong of the *Jones* test because he never filed a direct appeal or a Section 2255 action. As a result, the gate-keeping provisions in the third prong of the *Jones* test are not even applicable to Petitioner.

Because the claims that Petitioner seeks to raise in the above-captioned case are cognizable, if at all, under 28 U.S.C. § 2255, Petitioner's available judicial remedy is to file a Section 2255 petition. Although Petitioner seems to think that any Section 2255 action that he might file would be untimely, it is well settled that untimeliness is an affirmative defense. *See United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008) ("Nonetheless, AEDPA's limitations period is an affirmative defense, and Blackstock was not required to allege in his [28 U.S.C. § 2255] petition facts that could refute the defense."); *cf. Holland v. Florida*, 130 S. Ct. 2549, 2259–65 (2010) (holding the AEDPA statute of limitations is subject to equitable tolling). Moreover, because Petitioner has not filed a prior Section 2255 action, he is not required to seek leave from the Court of Appeals to file a Section 2255 action.

Petitioner's conviction after the civil forfeiture does not violate the Double Jeopardy Clause because he was never "punished" in the civil forfeiture proceedings. *United States v. O'Neal*, 180 F.3d 115, 122–23 n.7 (4th Cir. 1999) (civil forfeiture not "punishment"); *cf. United States v. Borromeo*, 995 F.2d 23, 26–27 (4th Cir. 1993) (Double Jeopardy Clause may be applicable to civil forfeiture occurring *after* conviction).

Finally, even if the court were to allow Petitioner to proceed under 28 U.S.C. § 2241 pursuant to the holding in *Short v. Schultz*, No. 7:08CV00057, 2008 WL 1984262 (W.D. Va. May 6, 2008), *aff'd*, No. 08-6872, 298 F. App'x 246, 2008 WL 4809091 (4th Cir. Nov. 5, 2008), he would not be entitled to relief because Count 3 of the Indictment refers to use and possession of a firearm. ECF No. 2 in Criminal No. 6:08-CR-309-1, at 2. Petitioner concedes he possessed the firearm. *Watson v. United States*, 552 U.S. at 77–78 & n.3.

## *Recommendation*

Accordingly, it is recommended that the § 2241 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. It is also recommended that the court deny a Certificate of Appealability. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."), which can be applied to Section 2241 actions through Rule 1(b). Petitioner's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

April 3, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).